## Julia A. Powell *v.* Robt. H. Watson.

Ejectment. *Practice. Pleading. Contradictory pleas. Election.*

In ejectment, where the defendant files the general issue, the effect of which is to admit his possession under ¿ 2483, code 1880, and at the same time interposes the special plea disclaiming possession under ¿ 2486, which admits plaintiff's title, even though the plaintiff does not object to the contradictory pleading, the court of its own motion should compel an election, and strike out one of the pleas. If this is not done, and there is a trial and a judgment for defendant on the merits, on appeal, the supreme court will, of its own motion, reverse for this cause alone.

From the circuit court of Tishomingo county.

Hon. Lock E. Houston, Judge.

The opinion states the case.

Counsel for the respective parties filed briefs, discussing various questions in respect to the title to the land in suit, as controverted below. But, as the court, of its own motion, reverses the judgment on a question of pleading alone, the briefs are not given.

*Candler & Candler* and *C. B. Powell,* for appellant.

*J. B. Reynolds,* for appellee.

Argued only by *E. S. Candler, Jr.,* and *C. B. Powell,* for appellant.

Cooper, J., delivered the opinion of the court.

Mrs. Powell brought this action of ejectment against Watson, to recover the possession of lot 2 in block 3 in the town of Iuka.

The defendant pleaded not guilty, and thereby admitted his possession of the premises demanded. Code, § 2483. At the same time he filed the special plea permitted by § 2486 of the code to one sued in ejectment, who desires to deny the fact that he is in possession of the premises sought to be recovered. Where such plea is filed, the code declares : " But in such case, the title of the plaintiff shall be admitted, and the only question on the trial shall be in relation to the fact of possession."

The defendant, by his pleading, admitted every material fact necessary to be established by the plaintiff, who would have been entitled to judgment of recovery on motion. Code, § 1548.

Notwithstanding the contradictory and incompatible pleas, the plaintiff went into a protracted trial, introducing much evidence to establish her right to recover, and permitting much to be introduced against her without objection. We are unable to decide upon the record by whom the chain of title was introduced. There is an agreed abstract of title from the common source, and an agreement of counsel that either party might refer to it as evidence. The bulk of the testimony seems to have been directed to the question of possession by the defendant, but there is much in the record tending to show that he relied upon title acquired by adverse possession. Upon the conclusion of the testimony, the plaintiff, without moving to exclude the evidence tending to show title, asked the court to instruct the jury that the only question involved was that of possession by the defendant, and this being refused, she sought and obtained many instructions upon the subject of title. It is strongly suggested by the record, that the parties moved upon entirely distinct lines, the plaintiff, assuming that her title was admitted, devoting her attention to establishing the possession of the defendant, while he, relying upon his title to protect his possession, if that was established against him, turned his attention to the fact of title in himself.

The trouble with the case was, that no issue being presented by the pleadings to which the parties were confined, each fell to fighting in the position he deemed strongest to himself, regardless of the fact that there was no enemy in front. The court should have directed one or the other of the pleas to be stricken from the files, even though no action was taken by the plaintiff. It was essential to the orderly trial of the cause, indeed, giving to the pleas their statutory effect, there could be no trial, because no issue could be presented while both remained on file. The defendant in the action of ejectment under our statute must elect whether he will admit the title of his adversary, and deny his own possession, or will admit his possession and deny the hostile title ; he cannot rely upon both defenses at one and the same time.

　　　　　*The judgment is reversed and the cause remanded.*